IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LMMC, LLC,<br><br>      Plaintiff,<br><br>  v.<br><br>KARI SOLBERG and ENLIFT HEALTH MEDICAL CLINIC, PLLC,<br><br>      Defendants. | 8:24CV348<br><br>MEMORANDUM<br>AND ORDER |

  In this case, plaintiff LMMC, LLC ("LMMC") primarily seeks to vindicate its rights under a written "Confidentiality, Nondisclosure and Nonsolicitation Agreement" (the "agreement") it purportedly entered into with defendant Kari Solberg ("Solberg"), one of its former employees (Filing Nos. 1, 1-1). In the complaint, LMMC avers that "[v]enue is proper in this Court," pursuant to 28 U.S.C. § 1391, because a substantial part of the events giving rise to this claim occurred in the State of Nebraska." It also points to what it describes as "a mandatory forum selection clause in the" agreement (Filing No. 17).

  On November 8, 2024, Solberg and defendant Enlift Health Medical Clinic, PLLC ("Enlift" and together, the "defendants") moved "pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1391 to dismiss the Complaint for improper venue" (Filing No. 14). They alternatively moved "pursuant to 28 U.S.C. § 1406 for an order transferring this action to the United States District Court for the District of North Dakota," where they contend all of the alleged wrongful conduct occurred. LMMC wholly opposes the defendants' motion (Filing No. 17).

  This Court referred the matter to a magistrate judge. *See* 28 U.S.C. § 636(b)(1) (authorizing magistrate judges to hear and determine nondispositive pretrial matters and to issue findings and recommendations on dispositive matters); Fed. R. Civ. P. 72; NECivR 72.2. On April 7, 2025, the magistrate judge issued a Findings, Recommendation

and Order granting the defendants' motion in part (Filing No. 27). *See* Fed. R. Civ. P. 12(b)(3); 28 U.S.C. §§ 1391, 1406. The magistrate judge concluded venue was not proper in the District of Nebraska because the defendants do not reside here as required by § 1391(b)(1) and, in her view, LMMC failed to show that "a substantial part of the events or omissions giving rise" to its claims occurred in Nebraska as required by § 1391(b)(2). *See also Steen v. Murray*, 770 F.3d 698, 703 (8th Cir. 2014) (explaining that inquiry does not depend only on a "defendant's allegedly wrongful activities," but the "focus must be on relevant activities of the defendant in the forum state, not on the effect of those activities on the plaintiff in the forum state"); *Setco Enters. Corp. v. Robbins*, 19 F.3d 1278, 1281 (8th Cir. 1994) (clarifying the key question is "whether the district the plaintiff chose had a substantial connection to the claim, whether or not other forums had greater contacts").

From there, the magistrate judge examined "the effect of the forum selection clause on venue." She concluded it "does not change the outcome dictated by" statute "because Solberg did not expressly waive her objection to venue in the noncompete agreement." In reaching that conclusion, the magistrate judge noted "there is a great debate amongst courts as to how [the Supreme Court decision in *Atlantic Marine Construction Company v. United States District Court for the Western District of Texas*, 571 U.S. 49, 55-56 (2013)] applies to the scenario presented by the instant case." The magistrate judge joined those courts she describes as "[r]equiring an express waiver of venue prior to allowing a case to proceed in a forum lacking congressional venue pursuant to the parties' forum selection clause." *See, e.g., G4S Tech., LLC v. WCC Cable, Inc.*, No. 8:17CV182, 2017 WL 4564726, at *3 (D. Neb. Oct. 10, 2017).

Given that analysis, the magistrate judge granted the defendants' motion to transfer venue to the District of North Dakota and recommends the Court deny the motion to dismiss. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; NECivR 72.2. The magistrate judge stayed her transfer order pending this Court's ruling on any objections.

On April 21, 2025, LMMC timely objected to the magistrate judge's transfer order (Filing No. 28). Under § 636(b)(1)(A), the Court may review the magistrate judge's ruling on a nondispositive pretrial matter "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." *Accord* Fed. R. Civ. P. 72(a). For dispositive matters, § 636(b)(1)(C) requires the Court to conduct "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Accord* Fed. R. Civ. P. 72(b)(3).

LMMC does not challenge the magistrate judge's conclusion that venue is improper under § 1391(b) or her recommendation that the Court deny the motion to dismiss. Rather, it focuses on her decision to transfer the case to North Dakota despite the forum-selection clause. In LMMC's view, the magistrate erred in (1) ordering—rather than recommending—the transfer of venue, that is, in treating the transfer request as nondispositive, (2) "determining that a mandatory forum selection clause does not automatically render venue proper in the agreed upon forum, as numerous courts have found" (3) "determining that a mandatory forum selection clause does not render venue proper in the agreed upon forum, unless the agreement also includes an express waiver of the right to contest venue," and (4) determining that LMMC's cited cases "do not support [its] position that a mandatory forum selection clause renders venue proper in the agreed upon forum, regardless of the existence of an express waiver of the right to contest venue in the agreement." LMMC asks the Court to sustain its objections, "vacate, reverse and/or reject the" Findings, Recommendation and Order, and rule that the forum-selection at issue in this case "renders venue proper in this Court."

Having achieved some measure of success by securing transfer, the defendants have not objected to the Findings, Recommendation and Order. They instead resist LMMC's objections (Filing No. 31) and argue transfer is proper under any standard of review.

As the defendants point out, the Court has stated it tends "to agree with the Third Circuit and others that a transfer motion is not dispositive and that a magistrate judge has

3

authority under § 636(b)(1)(A) to rule directly on such a motion." *Midwest Athletics & Sports All. LLC v. Xerox Corp.*, No. 8:17CV478, 2018 WL 6427872, at *4 (D. Neb. Dec. 6, 2018) (citing *In re Howmedica Osteonics Corp.*, 867 F.3d 390, 398 n.2 (3d Cir. 2017)). Although the distinction appears to make little difference here given the magistrate judge's measured approach and the legal issues LMMC raises, the Court will—out of an abundance of caution—conduct a de novo review of this matter. *See United States v. Chandran*, No. 4:22-CR-3077, 2023 WL 5627104, at *1 (D. Neb. Aug. 31, 2023); Fed. R. Civ. P. 72(b)(3).

In light of LMMC's objections, the Court's decision on the defendants' transfer motion turns on the forum-selection clause in the agreement. The defendants do not challenge the clause's validity—only its effect. As they see it, "the forum selection clause does not control the outcome of this Motion to Dismiss or Transfer; rather it is one among several considerations for the Court to balance." Though they filed their motion under Rule 12(b)(3), § 1391 and § 1406, in evaluating those considerations, the defendants meander into a "reasonableness" analysis under 28 U.S.C. § 1404(a) (permitting transfer for convenience), speciously suggesting any deference to LMMC's choice of forum (a forum to which Solberg agreed in happier times) is now overcome by the fact that the defendants will be somehow "'deprived of their day in court' based on the inconvenience or unfairness of the selected forum."[1] They claim enforcing "the forum-selection clause would be unreasonable" in light of the distance they would have to travel for court, their lack of contact with Nebraska, the inconvenience for any potential fact witnesses, and the risk that key witnesses could be beyond the Court's subpoena power.

---

[1] In *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 18 (1972) ("The Bremen"), the Supreme Court stated that "it should be incumbent on the party seeking to escape his contract to show that trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court." *Accord Dominium Austin Partners, L.L.C. v. Emerson*, 248 F.3d 720, 727 (8th Cir. 2001).

As noted, the magistrate judge too focused on the effect of the forum-selection clause rather than its validity. The magistrate judge acknowledged that a "a forum selection clause may be viewed as a waiver of a defendant's right to object to venue," *Dominium*, 248 F.3d at 727 n.5, but determined the clause in this case fell short because it did not include an express waiver of Solberg's right to contest venue. *See, e.g.*, *G4S Tech.* 2017 WL 4564726, at *3.

In challenging that conclusion, LMMC maintains "[t]he mandatory forum selection clause in the" agreement "renders venue proper in this Court, regardless of whether 28 U.S.C. § 1391(b) is satisfied." In support, it relies on *Huawei Technologies Company v. Yiren Huang*, No. 4:17-CV-00893, 2018 WL 1964180, at *8 (E.D. Tex. Apr. 25, 2018), in which the district court concluded venue was proper in the district the parties designated in their "valid and enforceable mandatory forum-selection clause."

Noting the basic presumption of validity and enforceability forum-selection clauses receive under federal law, the *Huawei* court rejected the defendant's argument that the clause was unreasonable and unenforceable under the circumstances. *See id.* at *4 (citing *The Bremen*, 407 U.S. at 10, articulating the test for reasonableness, and describing the resisting party's heavy burden to prove it)); *accord Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595 (1991). The district court further found that "even if a forum-selection clause does not make venue 'proper,' dismissal based on improper venue would be inappropriate because '[t]he venue statute "merely accords to the defendant a personal privilege respecting the venue, or place of suit, which he may assert, or may waive, at his election."'" *Huawei*, 2018 WL 1964180, at *8 (alteration in original) (quoting *Nymbus, Inc. v. Sharp*, No. 3:17-cv-1113, 2018 WL 705003, at *6 (D. Conn. Feb. 5, 2018) (quoting *Neirbo Co. v. Bethlehem Shipbuilding Corp.*, 308 U.S. 165, 168 (1939)). LMMC argues waiver here.

It finds additional support in *United Natural Foods, Inc. v. Maciel*, No. CV 24-2610, 2025 WL 1047519, at *5-*6 (D. Minn. Apr. 7, 2025), which was decided the same day the

5

magistrate judge issued her order. In *Maciel*, the district court concluded "the statutory language allows parties to consent to venue in [a particular district], even if [that district] does not satisfy § 1391." *Id.* Drawing on the thorough reasoning in *Huawei*, the district court concluded it would be absurd to dismiss a case for improper venue only to have the plaintiff refile its complaint in a place with proper venue and immediately move to transfer the case back to the original district pursuant to § 1404(a) and *Atlantic Marine*, 571 U.S. at 59, based on the parties' agreement. *See Maciel*, 2025 WL 1047519, at *5; *Huawei*, 2018 WL 1964180, at *9 (noting the impracticality of such judicial inefficiency).

Both courts concluded *Atlantic Marine* did not require transfer or dismissal in this type of case given the different interests at stake, its "entirely different factual scenario," *Huawei*, 2018 WL 1964180, at *7; *see also Atl. Marine*, 571 U.S. at 52 (describing "the procedure that is available for a defendant in a civil case who seeks to enforce a forum-selection clause"), and its narrow conclusion that the defendant should enforce its forum-selection clause through a § 1404(a) motion because the clause did "not render venue in a court 'wrong' or 'improper' within the meaning of § 1406(a) or Rule 12(b)(3)," *Atl. Marine*, 571 U.S. at 59; *see also Maciel*, 2025 WL 1047519, at *4-*5 (concluding existing Supreme Court precedent did "not fully answer the question at hand").

That precedent also illustrates "the strong federal policy in favor of enforcing forum-selection clauses." *Huawei*, 2018 WL 1964180, at *7. In *Atlantic Marine*, the Supreme Court advised

> When parties have contracted in advance to litigate disputes in a particular forum, courts should not unnecessarily disrupt the parties' settled expectations. A forum-selection clause, after all, may have figured centrally in the parties' negotiations and may have affected how they set monetary and other contractual terms; it may, in fact, have been a critical factor in their agreement to do business together in the first place. In all but the most unusual cases, therefore, "the interest of justice" is served by holding parties to their bargain.

6

571 U.S. at 66.  To that end, "a court evaluating a defendant's § 1404(a) motion to transfer based on a forum-selection clause should not consider arguments about the parties' private interests" because a party that agrees "to a forum-selection clause" waives "the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses."  *Id.* at 64 (explaining that the remaining public-interest factors rarely outweigh the forum-selection clause).

The Court finds the reasoning in *Huawei* and *Maciel* persuasive and concludes venue is appropriate in this district.  Though she now tries to avoid venue in Nebraska, not that long ago Solberg agreed that "[v]enue of any litigation arising from [the agreement] or any disputes relating to Employee's employment shall be in the United States District Court for the District of Nebraska, or a state district court of competent jurisdiction in Douglas County, Nebraska."  While the clause may not be a model of clarity or a paragon of artful drafting, the use of the word "shall" makes that provision mandatory.  *See*, *e.g.*, *Union Elec. Co. v. Consolidation Coal Co.*, 188 F.3d 998, 1001 (8th Cir. 1999) (explaining the word "shall" makes a clause obligatory); *cf. Kingdomware Techs., Inc. v. United States*, 579 U.S. 162, 172 (2016) (noting "shall" generally "imposes a mandatory duty").

And given that clear language, no additional waiver is needed.  *See Atl. Marine*, 571 U.S. at 63-64 (explaining that when a party "agrees by contract to . . . suit only in a specified forum," that party "has effectively exercised its 'venue privilege' before a dispute arises"); *Marra v. Papandreou*, 216 F.3d 1119, 1123 (D.C. Cir. 2000) ("[A] forum-selection clause is best understood as a potential defendant's *ex ante* agreement to waive venue objections to a particular forum."); *Nw. Nat. Ins. Co. v. Donovan*, 916 F.2d 372, 375 (7th Cir. 1990) (Posner, J.) (explaining a forum-selection clause is an advance waiver of a venue objection that should be enforced "unless it is subject to any of the sorts of infirmity, such as fraud and mistake, that justify a court's refusing to enforce a contract").  Put simply, the Court sees "no point to a clause that" would unequivocally place venue in Nebraska but leave "the defendants free to object that" venue there was nonetheless improper.

*Donovan*, 916 F.2d at 377; *see also City of New Orleans v. Mun. Admin. Servs., Inc.*, 376 F.3d 501, 504 (5th Cir. 2004) ("A party may waive its rights by explicitly stating that it is doing so, by allowing the other party the right to choose venue, or by establishing an exclusive venue within the contract."). By consenting to the forum-selection clause in the agreement, Solberg affirmatively waived any objection to venue in this Court.

As for Enlift, the Court agrees with LMMC that venue is proper in this district because Enlift is sufficiently "closely-related" to Solberg—its alleged founder, organizer, and sole member—and the dispute in this case to be bound by the forum-selection clause. *Marano Enters. of Kan. v. Z-Teca Rests., L.P.*, 254 F.3d 753, 757 (8th Cir. 2001) (concluding a non-signatory "shareholder, officer, and director" of the plaintiff was "'closely related' to the disputes arising out of the agreements and properly bound by the forum-selection provisions" to which the plaintiff had agreed (quoting *Hugel v. Corp. of Lloyd's*, 999 F.2d 206, 209 (7th Cir. 1993) ("In order to bind a non-party to a forum selection clause, the party must be 'closely related' to the dispute such that it becomes 'foreseeable' that it will be bound."))); *accord Huawei*, 2018 WL 1964180, at *10 (finding a non-signatory defendant in similar circumstances was "inextricably intertwined and closely related such that it [wa]s foreseeable it would be bound to the terms of the forum-selection clause"). The defendants do not even argue otherwise (Filing No. 26). Instead, they emphasize that Enlift is a separate entity created after Solberg's employment ended and is not a party to the agreement—all of which may be true but is either beside the point or not dispositive in this case.

The closely-related doctrine permits "non-signatories to an agreement to be bound by, and to enforce, forum selection clauses where, under the circumstances, the non-signatories enjoyed a sufficiently close nexus to the dispute or to another signatory such that it was foreseeable that they would be bound." *Franlink Inc. v. BACE Servs., Inc.*, 50 F.4th 432, 439 (5th Cir. 2022) (quoting *Fasano v. Li*, 47 F.4th 91, 103 (2d Cir. 2022)); *see also Firexo, Inc. v. Firexo Grp. Ltd.*, 99 F.4th 304, 321 (analogizing the doctrine "to other

8

doctrines through which contracts are enforced by or against non-signatories (e.g., alter ego, third-party beneficiary, estoppel)"). Courts have adopted the equitable doctrine to prevent parties from easily evading forum-selection clauses, to preserve certainty in commercial transactions, and to promote judicial efficiency. *See Franlink*, 50 F.4th at 439 (discussing *Adams v. Raintree Vacation Exch., LLC*, 702 F.3d 436 (7th Cir. 2012) (Posner, J.)). Relevant factors may include "common ownership, involvement in the agreement's negotiations, signatory status of the party opposing the forum selection clause, the type of claims and allegations at issue, control by secret principals, the posture of the case, direct benefits received, and awareness of the agreement and its relevant terms." *Id.* at 440.

Although the doctrine is subject to fair criticism on a number of grounds, *see Firexo*, 99 F.4th at 312-327; *Franlink*, 50 F.4th at 440-41, those criticisms do not resonate loudly here given (1) Enlift's failure to raise them, (2) the defendants' extremely close relationship, and (3) LMMC's allegations that Solberg created and operated Enlift as a means to solicit LMMC's employees and clients in breach of their agreement. On this record, it is not unreasonable or unjust to subject Enlift to venue in this Court. *See Marano*, 254 F.3d at 757; *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 514 (9th Cir. 1988) (concluding the "alleged conduct of the non-parties [wa]s so closely related to the contractual relationship that the forum selection clause applies to all defendants").

One last issue bears mentioning. In their brief, the defendants argue North Dakota would be a better venue and assert the forum-selection clause is just one factor to consider under a § 1404(a) analysis. To be clear, the Court has not conducted any § 1404(a) analysis in this case because no such motion is pending. At any rate, the Court notes that convenience to the parties and their witnesses is often a wash in a case like this and "the signing of a valid forum selection clause is a waiver of the right to move for a change of venue on the ground of inconvenience to the moving party." *Donovan*, 916 F.2d 378; *accord Atl. Marine*, 571 U.S. at 64. As for any other potential issues or interests, the Court

knows far too little at this point to brusquely cast aside the parties' selected forum on those grounds. *See Atl. Marine*, 571 U.S. at 64.

For all those reasons,

IT IS ORDERED:

1. Plaintiff LMMC, LLC's objections (Filing No. 28) to the magistrate judge's determination that the forum-selection clause in this case did not make both defendants subject to venue in this district are sustained. All other objections are overruled.
2. The magistrate judge's Findings, Recommendation and Order (Filing No. 27) is accepted in part and reversed in part.
3. Defendants Kari Solberg and Enlift Health Medical Clinic, PLLC's Motion to Dismiss or Transfer Venue (Filing No. 14) pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. §§ 1391 and 1406 is denied.
4. The order transferring this case to the United States District Court for the District of Dakota is vacated.

Dated this 12th day of May 2025.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge